1  LINDA A. RYAN, ESQ.  SBN 185356
   LAW OFFICES OF LINDA A. RYAN
2  182 Farmers Lane, Suite 101
   Santa Rosa, CA 95405
3  Telephone: (707) 568-7700
   Facsimile:  (707) 284-2697
4

5  Attorney for Defendants JAMES H. MALONE
   and ELEANOR J. MALONE, as trustees of the MALONE
6  FAMILY TRUST

7

8                 UNITED STATES DISTRICT COURT

9               NORTHER DISTRICT OF CALIFORNIA

10

11 CRAIG YATES, an individual; and
   DISABILITY RIGHTS, ENFORCEMENT          CASE NO.: C 07 3326 MMC
12 EDUCATION, SERVICES: HELPING
   YOU HELP OTHERS, a California public
13 benefit corporation,                    **JAMES H. MALONE AND ELEANOR
                                           J. MALONE, AS TRUSTEES OF THE
14              Plaintiffs,                 MALONE FAMILY TRUST'S ANSWER
                                           TO COMPLAINT FOR INJUNCTIVE
15        v.                               RELIEF AND DAMAGES**

16 BIMBO BAKERIES USA, INC., a
   Delaware corporation dba ENTENNMAN'S
17 OROWEAT BAKERY OUTLET #1412;
   and JAMES H. MALONE and ELEANOR
18 J. MALONE, as trustees of the MALONE
   FAMILY TRUST,
19
                Defendants.
20 _____/

21
                              **DEMAND FOR JURY**
22

23       COMES NOW defendants JAMES H. MALONE and ELEANOR J. MALONE, as

24 trustees of the MALONE FAMILY TRUST, [hereinafter "defendants MALONE"] and for

25 answer to the Complaint of plaintiffs on file herein admit, deny, and allege as follows:

26       1.   INTRODUCTION.  Answering the allegations in paragraph 1 of the Complaint,

27 defendants MALONE admit that plaintiffs seek various forms of relief in the Complaint and that

28

                                        1
              Answer to Complaint for Injunctive Relief and Damages

1    the contents of said Complaint speak for themselves.  Defendants MALONE deny that they

2    discriminated against plaintiffs or that plaintiffs are entitled to any claimed relief.  Defendants

3    MALONE are without knowledge or information sufficient to form a belief as to the truth of the

4    allegations in paragraph 1, and on that grounds, deny each and every allegation contained in that

5    paragraph.

6        2.   Answering the allegations in paragraph 2 of the Complaint, defendants MALONE do

7    not have sufficient information or belief to enable them to answer the allegations therein set forth

8    and, basing their denial upon such lack of information or belief, deny generally and specifically,

9    conjunctively and disjunctively, each and every, all and singular, the allegations, matters and

10   things alleged and set forth therein.

11       3.   JURISDICTION.  Answering the allegations in paragraph 3 of the Complaint,

12   defendants MALONE admit that it appears that the Court has original jurisdiction over claims

13   brought pursuant to 42 U.S.C. section 1331, and that under the doctrine of supplemental

14   jurisdiction, the court may exercise jurisdiction over plaintiffs' state law claims.  Defendants

15   MALONE deny however that plaintiffs' claims under either federal or state law have any merit.

16       4.   VENUE.  Answering the allegations in paragraph 4 of the Complaint, defendants

17   MALONE admit that venue appears to be proper in the Northern District of California pursuant

18   to 28 USC § 1391 (b).  Defendants MALONE deny however that plaintiffs' claims under either

19   federal or state law have any merit.

20       5.   Answering the allegations in paragraph 5 of the Complaint, defendants MALONE

21   admit that the contents of Heath and Safety Code, Part 5.5, the Unruh Civil Rights Act and other

22   statutory measures speak for themselves and on that ground, deny each and every allegation in

23   paragraph 5 to the extent they misstate or contradict those provisions. With respect to all other

24   allegations paragraph 5, defendants MALONE are without knowledge or information sufficient

25   to form a belief as to the truth of the allegations in that paragraph, and on that ground deny the

26   same.

27   ////

28

1    6.   Answering the allegations in paragraph 6 of the Complaint, defendants MALONE do

2   not have sufficient information or belief to enable them to answer the allegations therein set forth

3   and, basing their denial upon such lack of information or belief, deny generally and specifically,

4   conjunctively and disjunctively, each and every, all and singular, the allegations, matters and

5   things alleged and set forth therein.

6    7.   Answering the allegations in paragraph 7 of the Complaint, defendants MALONE do

7   not have sufficient information or belief to enable them to answer the allegations therein set forth

8   and, basing their denial upon such lack of information or belief, deny generally and specifically,

9   conjunctively and disjunctively, each and every, all and singular, the allegations, matters and

10   things alleged and set forth therein.

11    8.   Answering the allegations in paragraph 8 of the Complaint, defendants MALONE

12   admit that they are the owners and lessors of the real property located at/near 8039 Gravenstein

13   Highway, California, or of the building and/or buildings thereon.  With respect to all other

14   allegations in paragraph 8, defendants MALONE are without knowledge or information

15   sufficient to form a belief as to the truth of the allegations in paragraph, and on that ground,

16   denies the same.

17    9.   Answering the allegations in paragraph 9 of the Complaint, defendants MALONE

18   admit that the contents of Heath and Safety Code, Part 5.5, the Unruh Civil Rights Act and other

19   statutory measures speak for themselves and on that ground, deny each and every allegation in

20   paragraph 9 to the extent they misstate or contradict those provisions. With respect to all other

21   allegations paragraph 9, defendants MALONE are without knowledge or information sufficient

22   to form a belief as to the truth of the allegations in that paragraph, and on that ground deny the

23   same.

24    10.   Answering the allegations in paragraph 10 of the Complaint, defendants MALONE

25   admit that the contents of Heath and Safety Code, Part 5.5, the Unruh Civil Rights Act and other

26   statutory measures speak for themselves and on that ground, deny each and every allegation in

27   paragraph 10 to the extent they misstate or contradict those provisions. With respect to all other

28

allegations paragraph 10, defendants MALONE are without knowledge or information sufficient to form a belief as to the truth of the allegations in that paragraph, and on that ground deny the same.

11.    Answering the allegations in paragraph 11 of the Complaint, defendants MALONE admit that the contents of Heath and Safety Code, Part 5.5, the Unruh Civil Rights Act and other statutory measures speak for themselves and on that ground, deny each and every allegation in paragraph 11 to the extent they misstate or contradict those provisions. With respect to all other allegations paragraph 11, defendants MALONE are without knowledge or information sufficient to form a belief as to the truth of the allegations in that paragraph, and on that ground deny the same.

12.    Answering the allegations in paragraph 12 of the Complaint, defendants MALONE do not have sufficient information or belief to enable them to answer the allegations therein set forth and, basing their denial upon such lack of information or belief, deny generally and specifically, conjunctively and disjunctively, each and every, all and singular, the allegations, matters and things alleged and set forth therein.

13.    Answering the allegations in paragraph 13 of the Complaint, defendants MALONE deny generally and specifically, conjunctively and disjunctively, each and every, all and singular, the allegations, matters and things alleged and set forth therein.

14.    Answering the allegations in paragraph 14 of the Complaint, defendants MALONE do not have sufficient information or belief to enable them to answer the allegations therein set forth and, basing their denial upon such lack of information or belief, deny generally and specifically, conjunctively and disjunctively, each and every, all and singular, the allegations, matters and things alleged and set forth therein.

15.    Answering the allegations in paragraph 15 of the Complaint, defendants MALONE do not have sufficient information or belief to enable them to answer the allegations therein set forth and, basing their denial upon such lack of information or belief, deny generally and

////

1    specifically, conjunctively and disjunctively, each and every, all and singular, the allegations,

2    matters and things alleged and set forth therein.

3        16.    Answering the allegations in paragraph 16 of the Complaint, defendants MALONE

4    do not have sufficient information or belief to enable them to answer the allegations therein set

5    forth and, basing their denial upon such lack of information or belief, deny generally and

6    specifically, conjunctively and disjunctively, each and every, all and singular, the allegations,

7    matters and things alleged and set forth therein.

8        17.    Answering the allegations in paragraph 17 of the Complaint, defendants MALONE

9    do not have sufficient information or belief to enable them to answer the allegations therein set

10    forth and, basing their denial upon such lack of information or belief, deny generally and

11    specifically, conjunctively and disjunctively, each and every, all and singular, the allegations,

12    matters and things alleged and set forth therein.

13        18.    Answering the allegations in paragraph 18 of the Complaint, defendants MALONE

14    do not have sufficient information or belief to enable them to answer the allegations therein set

15    forth and, basing their denial upon such lack of information or belief, deny generally and

16    specifically, conjunctively and disjunctively, each and every, all and singular, the allegations,

17    matters and things alleged and set forth therein.

18        19.    Answering the allegations in paragraph 19 of the Complaint, defendants MALONE

19    do not have sufficient information or belief to enable them to answer the allegations therein set

20    forth and, basing their denial upon such lack of information or belief, deny generally and

21    specifically, conjunctively and disjunctively, each and every, all and singular, the allegations,

22    matters and things alleged and set forth therein.

23        20.    Answering the allegations in paragraph 20 of the Complaint, defendants MALONE

24    do not have sufficient information or belief to enable them to answer the allegations therein set

25    forth and, basing their denial upon such lack of information or belief, deny generally and

26    specifically, conjunctively and disjunctively, each and every, all and singular, the allegations,

27    matters and things alleged and set forth therein.

28

Answer to Complaint for Injunctive Relief and Damages

1    21.   Answering the allegations in paragraph 21 of the Complaint, defendants MALONE

2    do not have sufficient information or belief to enable them to answer the allegations therein set

3    forth and, basing their denial upon such lack of information or belief, deny generally and

4    specifically, conjunctively and disjunctively, each and every, all and singular, the allegations,

5    matters and things alleged and set forth therein.

6    22.   Answering the allegations in paragraph 22 of the Complaint, defendants MALONE

7    do not have sufficient information or belief to enable them to answer the allegations therein set

8    forth and, basing their denial upon such lack of information or belief, deny generally and

9    specifically, conjunctively and disjunctively, each and every, all and singular, the allegations,

10   matters and things alleged and set forth therein.

11   23.   Answering the allegations in paragraph 23 of the Complaint, defendants MALONE

12   deny generally and specifically, conjunctively and disjunctively, each and every, all and singular,

13   the allegations, matters and things alleged and set forth therein.

14   24.   Answering the allegations in paragraph 24 of the Complaint, defendants MALONE

15   deny generally and specifically, conjunctively and disjunctively, each and every, all and singular,

16   the allegations, matters and things alleged and set forth therein.

17   25.   Answering the allegations in paragraph 25 of the Complaint, defendants MALONE

18   admit that plaintiffs seek various forms of relief in the Complaint, and that the contents of said

19   Complaint speak for themselves.  Defendants MALONE deny each and every allegation in

20   paragraph 25 and deny that they discriminated against plaintiffs or that plaintiffs are entitled to

21   any claimed relief.

22   26.   Answering the allegations in paragraph 26 of the Complaint, defendants MALONE

23   deny generally and specifically, conjunctively and disjunctively, each and every, all and singular,

24   the allegations, matters and things alleged and set forth therein.

25   27.   Answering the allegations in paragraph 27 of the Complaint, defendants MALONE

26   deny generally and specifically, conjunctively and disjunctively, each and every, all and singular,

27   the allegations, matters and things alleged and set forth therein.

28

Answer to Complaint for Injunctive Relief and Damages

28. Answering the allegations in paragraph 28 of the Complaint, defendants MALONE deny generally and specifically, conjunctively and disjunctively, each and every, all and singular, the allegations, matters and things alleged and set forth therein.

29. Answering the allegations in paragraph 29 of the Complaint, defendants MALONE admit that plaintiffs seek various forms of relief in the Complaint, and that the contents of said Complaint speak for themselves.  Defendants MALONE deny each and every allegation in paragraph 29 and deny that they discriminated against plaintiffs or that plaintiffs are entitled to any claimed relief.

30. Answering the allegations in paragraph 30 of the Complaint, defendants MALONE deny generally and specifically, conjunctively and disjunctively, each and every, all and singular, the allegations, matters and things alleged and set forth therein.

31. Answering the allegations in paragraph 31 of the Complaint, defendants MALONE admit that the contents of Heath and Safety Code, Part 5.5, the Unruh Civil Rights Act and other statutory measures speak for themselves and on that ground, deny each and every allegation in paragraph 31 to the extent they misstate or contradict those provisions. With respect to all other allegations paragraph 31, defendants MALONE are without knowledge or information sufficient to form a belief as to the truth of the allegations in that paragraph, and on that ground deny the same.

32. Answering the allegations in paragraph 32 of the Complaint, defendants MALONE admit that the contents of Heath and Safety Code, Part 5.5, the Unruh Civil Rights Act and other statutory measures speak for themselves and on that ground, deny each and every allegation in paragraph 32 to the extent they misstate or contradict those provisions. With respect to all other allegations paragraph 32, defendants MALONE are without knowledge or information sufficient to form a belief as to the truth of the allegations in that paragraph, and on that ground deny the same.

////

////

Answer to Complaint for Injunctive Relief and Damages

33.   Answering the allegations in paragraph 33 of the Complaint, defendants MALONE deny generally and specifically, conjunctively and disjunctively, each and every, all and singular, the allegations, matters and things alleged and set forth therein.

34.   Answering the allegations in paragraph 34 of the Complaint, defendants MALONE deny generally and specifically, conjunctively and disjunctively, each and every, all and singular, the allegations, matters and things alleged and set forth therein.

35.   Answering the allegations in paragraph 35 of the Complaint, defendants MALONE do not have sufficient information or belief to enable them to answer the allegations therein set forth and, basing their denial upon such lack of information or belief, deny generally and specifically, conjunctively and disjunctively, each and every, all and singular, the allegations, matters and things alleged and set forth therein.

36.   Answering the allegations in paragraph 36 of the Complaint, defendants MALONE re-plead and incorporate by reference as though fully set forth herein, their responses to paragraphs 1 through 35 as set forth above.

37.   Answering the allegations in paragraph 37 of the Complaint, defendants MALONE allege that said paragraph does not contain allegations of fact concerning these defendants but, rather, contains conclusions only for which a responsive pleading/answer is impossible. However, on information and belief, these answering defendants generally and specifically deny each and every statement contained in said paragraph.

38.   Answering the allegations in paragraph 38 of the Complaint, defendants MALONE allege that said paragraph does not contain allegations of fact concerning these defendants but, rather, contains conclusions only for which a responsive pleading/answer is impossible. However, on information and belief, these answering defendants generally and specifically deny each and every statement contained in said paragraph.

39.   Answering the allegations in paragraph 39 of the Complaint, defendants MALONE allege that said paragraph does not contain allegations of fact concerning these defendants but, rather, contains conclusions only for which a responsive pleading/answer is impossible.

Answer to Complaint for Injunctive Relief and Damages

1    However, on information and belief, these answering defendants generally and specifically deny

2    each and every statement contained in said paragraph.

3        40.    Answering the allegations in paragraph 40 of the Complaint, defendants MALONE

4    allege that said paragraph does not contain allegations of fact concerning these defendants but,

5    rather, contains conclusions only for which a responsive pleading/answer is impossible.

6    However, on information and belief, these answering defendants generally and specifically deny

7    each and every statement contained in said paragraph.

8        41.    Answering the allegations in paragraph 41 of the Complaint, defendants MALONE

9    allege that said paragraph does not contain allegations of fact concerning these defendants but,

10   rather, contains conclusions only for which a responsive pleading/answer is impossible.

11   However, on information and belief, these answering defendants generally and specifically deny

12   each and every statement contained in said paragraph.

13       42.    Answering the allegations in paragraph 42 of the Complaint, defendants MALONE

14   deny generally and specifically, conjunctively and disjunctively, each and every, all and singular,

15   the allegations, matters and things alleged and set forth therein.

16       43.    Answering the allegations in paragraph 43 of the Complaint, defendants MALONE

17   deny generally and specifically, conjunctively and disjunctively, each and every, all and singular,

18   the allegations, matters and things alleged and set forth therein.

19       44.    Answering the allegations in paragraph 44 of the Complaint, defendants MALONE

20   do not have sufficient information or belief to enable them to answer the allegations therein set

21   forth and, basing their denial upon such lack of information or belief, deny generally and

22   specifically, conjunctively and disjunctively, each and every, all and singular, the allegations,

23   matters and things alleged and set forth therein.

24       45.    Answering the allegations in paragraph 45 of the Complaint, defendants MALONE

25   admit that the contents of Heath and Safety Code, Part 5.5, the Unruh Civil Rights Act and other

26   statutory measures speak for themselves and on that ground, deny each and every allegation in

27   paragraph 45 to the extent they misstate or contradict those provisions. With respect to all other

28

1    allegations paragraph 45, defendants MALONE are without knowledge or information sufficient

2    to form a belief as to the truth of the allegations in that paragraph, and on that ground deny the

3    same.

4          47.    Answering the allegations in paragraph 47 of the Complaint, defendants MALONE

5    allege that said paragraph does not contain allegations of fact concerning these defendants but,

6    rather, contains conclusions only for which a responsive pleading/answer is impossible.

7    However, on information and belief, these answering defendants generally and specifically deny

8    each and every statement contained in said paragraph.

9          48.    Answering the allegations in paragraph 48 of the Complaint, defendants MALONE

10    re-plead and incorporate by reference as though fully set forth herein, their responses to

11    paragraphs 1 through 47 as set forth above.

12          49.    Answering the allegations in paragraph 49 of the Complaint, defendants MALONE

13    allege that said paragraph does not contain allegations of fact concerning these defendants but,

14    rather, contains conclusions only for which a responsive pleading/answer is impossible.

15    However, on information and belief, these answering defendants generally and specifically deny

16    each and every statement contained in said paragraph.

17          50.    Answering the allegations in paragraph 50 of the Complaint, defendants MALONE

18    allege that said paragraph does not contain allegations of fact concerning these defendants but,

19    rather, contains conclusions only for which a responsive pleading/answer is impossible.

20    However, on information and belief, these answering defendants generally and specifically deny

21    each and every statement contained in said paragraph.

22          51.    Answering the allegations in paragraph 51 of the Complaint, defendants MALONE

23    allege that said paragraph does not contain allegations of fact concerning these defendants but,

24    rather, contains conclusions only for which a responsive pleading/answer is impossible.

25    However, on information and belief, these answering defendants generally and specifically deny

26    each and every statement contained in said paragraph.

27    ////

28

52.    Answering the allegations in paragraph 52 of the Complaint, defendants MALONE admit that the contents of Heath and Safety Code, Part 5.5, the Unruh Civil Rights Act and other statutory measures speak for themselves and on that ground, deny each and every allegation in paragraph 52 to the extent they misstate or contradict those provisions. With respect to all other allegations paragraph 52, defendants MALONE are without knowledge or information sufficient to form a belief as to the truth of the allegations in that paragraph, and on that ground deny the same.

53.    Answering the allegations in paragraph 53 of the Complaint, defendants MALONE do not have sufficient information or belief to enable them to answer the allegations therein set forth and, basing their denial upon such lack of information or belief, deny generally and specifically, conjunctively and disjunctively, each and every, all and singular, the allegations, matters and things alleged and set forth therein.

54.    Answering the allegations in paragraph 54 of the Complaint, defendants MALONE admit that plaintiffs seek various forms of relief in the Complaint, and that the contents of said Complaint speak for themselves.  Defendants MALONE deny each and every allegation in paragraph 54 and deny that they discriminated against plaintiffs or that plaintiffs are entitled to any claimed relief.

55.    Answering the allegations in paragraph 55 of the Complaint, defendants MALONE deny generally and specifically, conjunctively and disjunctively, each and every, all and singular, the allegations, matters and things alleged and set forth therein.

56.    Answering the allegations in paragraph 56 of the Complaint, defendants MALONE admit that plaintiffs seek various forms of relief in the Complaint, and that the contents of said Complaint speak for themselves.  Defendants MALONE deny each and every allegation in paragraph 56 and deny that they discriminated against plaintiffs or that plaintiffs are entitled to any claimed relief.

////

////

57.   Answering the allegations in paragraph 57 of the Complaint, defendants MALONE re-plead and incorporate by reference as though fully set forth herein, their responses to paragraphs 1 through 56 as set forth above.

58.   Answering the allegations in paragraph 58 of the Complaint, defendants MALONE allege that said paragraph does not contain allegations of fact concerning these defendants but, rather, contains conclusions only for which a responsive pleading/answer is impossible. However, on information and belief, these answering defendants generally and specifically deny each and every statement contained in said paragraph.

59.   Answering the allegations in paragraph 59 of the Complaint, defendants MALONE allege that said paragraph does not contain allegations of fact concerning these defendants but, rather, contains conclusions only for which a responsive pleading/answer is impossible. However, on information and belief, these answering defendants generally and specifically deny each and every statement contained in said paragraph.

60.   Answering the allegations in paragraph 60 of the Complaint, defendants MALONE allege that said paragraph does not contain allegations of fact concerning these defendants but, rather, contains conclusions only for which a responsive pleading/answer is impossible. However, on information and belief, these answering defendants generally and specifically deny each and every statement contained in said paragraph.

61.   Answering the allegations in paragraph 61 of the Complaint, defendants MALONE do not have sufficient information or belief to enable them to answer the allegations therein set forth and, basing their denial upon such lack of information or belief, deny generally and specifically, conjunctively and disjunctively, each and every, all and singular, the allegations, matters and things alleged and set forth therein.

62.   Answering the allegations in paragraph 62 of the Complaint, defendants MALONE deny generally and specifically, conjunctively and disjunctively, each and every, all and singular, the allegations, matters and things alleged and set forth therein.

////

63.   Answering the allegations in paragraph 63 of the Complaint, defendants MALONE deny generally and specifically, conjunctively and disjunctively, each and every, all and singular, the allegations, matters and things alleged and set forth therein.

64.   Answering the allegations in paragraph 64 of the Complaint, defendants MALONE allege that said paragraph does not contain allegations of fact concerning these defendants but, rather, contains conclusions only for which a responsive pleading/answer is impossible. However, on information and belief, these answering defendants generally and specifically deny each and every statement contained in said paragraph.

65.   Answering the allegations in paragraph 65 of the Complaint, defendants MALONE re-plead and incorporate by reference as though fully set forth herein, their responses to paragraphs 1 through 64 as set forth above.

66.   Answering the allegations in paragraph 66 of the Complaint, defendants MALONE deny generally and specifically, conjunctively and disjunctively, each and every, all and singular, the allegations, matters and things alleged and set forth therein.

67.   Answering the allegations in paragraph 67 of the Complaint, defendants MALONE admit that the contents of Heath and Safety Code, Part 5.5, the Unruh Civil Rights Act and other statutory measures speak for themselves and on that ground, deny each and every allegation in paragraph 67 to the extent they misstate or contradict those provisions. With respect to all other allegations paragraph 67, defendants MALONE are without knowledge or information sufficient to form a belief as to the truth of the allegations in that paragraph, and on that ground deny the same.

68.   Answering the allegations in paragraph 68 of the Complaint, defendants MALONE deny generally and specifically, conjunctively and disjunctively, each and every, all and singular, the allegations, matters and things alleged and set forth therein.

69.   Answering the allegations in paragraph 69 of the Complaint, defendants MALONE allege that said paragraph does not contain allegations of fact concerning these defendants but, rather, contains conclusions only for which a responsive pleading/answer is impossible.

However, on information and belief, these answering defendants generally and specifically deny each and every statement contained in said paragraph.

I. PRAYER FOR FIRST CAUSE OF ACTION

1.  Answering paragraph 1 under the "Prayer" in plaintiffs' Complaint, defendants MALONE deny that plaintiffs are entitled to preliminary or permanent injunctive relief.

2.  Answering paragraph 2 under the "Prayer" in plaintiffs' Complaint, defendants MALONE deny that plaintiffs are entitled to attorney's fees, expenses and costs of any kind.

3.  Answering paragraph 3 under the "Prayer" in plaintiffs' Complaint, defendants MALONE deny that plaintiffs' claims have any merit and deny that plaintiffs are entitled to any relief in this matter.

II. PRAYER FOR SECOND CAUSE OF ACTION

1.  Answering paragraph 1 under the "Prayer" in plaintiffs' Complaint, defendants MALONE deny that plaintiffs are entitled to preliminary or permanent injunctive relief.

2.  Answering paragraph 2 under the "Prayer" in plaintiffs' Complaint, defendants MALONE deny that plaintiffs' are entitled to any damages, actual or statutory, or otherwise.

3.  Answering paragraph 3 under the "Prayer" in plaintiffs' Complaint, defendants MALONE deny that plaintiffs are entitled to attorney's fees, expenses and costs of any kind.

4.  Answering paragraph 4 under the "Prayer" in plaintiffs' Complaint, defendants MALONE deny that plaintiffs' are entitled to any damages, actual or statutory, or otherwise.

5.   Answering paragraph 5 under the "Prayer" in plaintiffs' Complaint, defendants MALONE deny that plaintiffs are entitled to attorney's fees, expenses and costs of any kind.

6.  Answering paragraph 6 under the "Prayer" in plaintiffs' Complaint, defendants MALONE deny that plaintiffs are entitled to an award of prejudgment interest pursuant to California Civil Code section 3291.

7.  Answering paragraph 7 under the "Prayer" in plaintiffs' Complaint, defendants MALONE deny that plaintiffs' claims have any merit and deny that plaintiffs are entitled to any relief in this matter.

### III.   PRAYER FOR SECOND CAUSE OF ACTION

1.  Answering paragraph 1 under the "Prayer" in plaintiffs' Complaint, defendants MALONE deny that plaintiffs' are entitled to any damages, actual or statutory, or otherwise.

### IV.   PRAYER FOR THIRD CAUSE OF ACTION

1.  Answering paragraph 1 under the "Prayer" in plaintiffs' Complaint, defendants MALONE deny that plaintiffs are entitled to preliminary or permanent injunctive relief.

2.  Answering paragraph 2 under the "Prayer" in plaintiffs' Complaint, defendants MALONE deny that plaintiffs are entitled to attorney's fees, expenses and costs of any kind

3.  Answering paragraph 3 under the "Prayer" in plaintiffs' Complaint, defendants MALONE deny that plaintiffs are entitled to attorney's fees, expenses and costs of any kind.

4.  Answering paragraph 4 under the "Prayer" in plaintiffs' Complaint, defendants MALONE deny that plaintiffs are entitled to an award of prejudgment interest pursuant to California Civil Code section 3291.

5.  Answering paragraph 5 under the "Prayer" in plaintiffs' Complaint, defendants MALONE deny that plaintiffs' claims have any merit and deny that plaintiffs are entitled to any relief in this matter.

### V.   PRAYER FOR FOURTH CAUSE OF ACTION

1. Answering paragraph 1 under the "Prayer" in plaintiffs' Complaint, defendants MALONE deny that plaintiffs' are entitled to any damages, actual or statutory, or otherwise.

2.  Answering paragraph 2 under the "Prayer" in plaintiffs' Complaint, defendants MALONE deny that plaintiffs are entitled to attorney's fees, expenses and costs of any kind.

3.  Answering paragraph 3 under the "Prayer" in plaintiffs' Complaint, defendants MALONE deny that plaintiffs' are entitled to any damages, actual or statutory, or otherwise.

4.  Answering paragraph 4 under the "Prayer" in plaintiffs' Complaint, defendants MALONE deny that plaintiffs are entitled to attorney's fees, expenses and costs of any kind.

////

////

1      5.   Answering paragraph 5 under the "Prayer" in plaintiffs' Complaint, defendants

2   MALONE deny that plaintiffs are entitled to an award of prejudgment interest pursuant to

3   California Civil Code section 3291.

4      6.   Answering paragraph 6 under the "Prayer" in plaintiffs' Complaint, defendants

5   MALONE deny that plaintiffs' claims have any merit and deny that plaintiffs are entitled to any

6   relief in this matter.

7                        VI.  PRAYER FOR FOURTH CAUSE OF ACTION

8      1.   Answering paragraph 1 under the "Prayer" in plaintiffs' Complaint, defendants

9   MALONE deny that plaintiffs' are entitled to any damages, actual or statutory, or otherwise.

10

11                                      **AFFIRMATIVE DEFENSES**

12                                   FIRST AFFIRMATIVE DEFENSE

13           The Complaint, in its entirety and through each separately stated cause of action, fails to

14   state facts sufficient to constitute a viable cause of action against these answering defendants

15   upon which relief can be granted.

16                                  SECOND AFFIRMATIVE DEFENSE

17           Defendants aver that plaintiffs' delay in asserting their averments has resulted in

18   prejudice to the defendants and thus, plaintiffs should be denied relief under the under the

19   Doctrine of Laches.

20                                   THIRD AFFIRMATIVE DEFENSE

21           Defendants aver that plaintiffs' Complaint is barred, in whole or in part, by the applicable

22   statute of limitations.

23                                  FOURTH AFFIRMATIVE DEFENSE

24           Defendants aver that plaintiffs failed to notify defendants and appropriate state authorities

25   about the averred violations, and therefore failed to exercise their administrative exhaustion

26   requirements under California and Federal Law.  Plaintiffs failed to notify defendants in order to

27   ////

28

1    provide an opportunity to re-mediate before filing suit to likely resolve averred access problems

2    fairly, and therefore failed to reasonably mitigate their damages.

3                                  FIFTH AFFIRMATIVE DEFENSE

4            Defendants are informed and believe and thereon aver that some or all of plaintiffs'

5    proposed access changes are not required by applicable law.  Defendants are unaware of

6    plaintiffs' specific complaints or averred architectural barriers, as complained is general and

7    vague.  Defendants are unaware of plaintiffs' specific complaints of averred architectural

8    barriers, as complained, are general and vague.  Because discovery is ensuing, defendants are

9    informed and believe that based on future construction/contractor bids regarding proposed access

10   changes, the cost of said bids will show that the proposed changes are disproportionate to the

11   overall previous applicable alteration (if any), and therefore not required under relevant and

12   applicable access law.  Defendants assert this defense based on the discovery of

13   construction/contractor bids and the discovery of proposed access changes and complaints.

14                                 SIXTH AFFIRMATIVE DEFENSE

15           Defendants are informed and believe that to meet the access requirements that plaintiffs

16   request, such would be structurally impracticable.  Defendants are informed and believe that

17   proposed access changes would be unnecessary or unduly burdensome and financially infeasible

18   based on future proposed construction/contractor bids, would be practically different and/or to

19   expensive, and are not required by applicable access law.  Moreover, defendants have alternative

20   methods and measures to the disabled, including alternative measures that are to the maximum

21   extent feasible.  Defendants assert the financial and feasible defense based on future

22   constructions/contractor bids regarding proposed access changes.

23                               SEVENTH AFFIRMATIVE DEFENSE

24           Defendants aver that they have no independent knowledge, as of the filing of this Answer,

25   of the facts allegedly constituting the cause of action in plaintiffs' Complaint, and based thereon,

26   hereby respectfully request leave of court to amend this Answer to include those affirmative

27   defenses that are revealed during the course of discovery.

28

1

EIGHTH AFFIRMATIVE DEFENSE

2

Defendants are informed and believe that some or all of the proposed access changes are

3

not "readily achievable" as defined by the applicable access law and/or de minimus alleged

4

violations.

5

NINTH AFFIRMATIVE DEFENSE

6

Defendants are informed and believe that the Complaint and each cause of action averred

7

therein are barred by reason of defendants' good faith reliance upon the permissible, reasonable

8

interpretation of applicable access codes by local government building authorities, local

9

government and city authorities, and the issuance of appropriate building permits, exemptions

10

and/or waivers.

11

TENTH AFFIRMATIVE DEFENSE

12

Defendants are informed and believe that the Complaint and each cause of action averred

13

therein are barred by reason of defendants' good faith reliance upon the advice of architect and/or

14

designers, contractors, building permit inspections, county and city officials, government

15

authorities, etc., who provided opinions, evaluations, approvals, consultations and/or exemptions.

16

ELEVENTH AFFIRMATIVE DEFENSE

17

Defendants are informed and believe that some and/or all of the alleged access issues at

18

this facility are not in primary function area.

19

TWELFTH AFFIRMATIVE DEFENSE

20

Defendants are informed and believe that any proposed access changes would

21

fundamentally alter the nature of the goods, service, facility, privilege, advantage or

22

accommodation being offered.

23

THIRTEENTH AFFIRMATIVE DEFENSE

24

Defendants are informed and believe that there is no liability where any alleged

25

deviations from state or federal access codes will be rectified within ninety (90) days of

26

discovery.

27

////

28

1

## FOURTEENTH AFFIRMATIVE DEFENSE

2     Defendants are informed and believe that some and/or all of the averred construction

3  changes were made in compliance with the American Standards Association (ASA) (ANSIA

4  117.1-1961).

5

## FIFTEENTH AFFIRMATIVE DEFENSE

6     Defendants are informed and believe that any proposed access changes would cause a loss

7  of function, space or facility where the general public is concerned, and that said proposed

8  changes would cause practical difficulty, unnecessary hardship, and extreme differences, and the

9  equivalent facilitation has been provided.

10

## SIXTEENTH AFFIRMATIVE DEFENSE

11     Defendants are informed and believe that any construction changes to the subject property

12  in question were made in compliance with ANSIA in proportion to the anticipated number of

13  individuals with disabilities who would use said property.

14

## SEVENTEENTH AFFIRMATIVE DEFENSE

15     Defendants are informed and believe that plaintiffs' claim for relief under the California

16  Civil Code is unenforceable because there were no "alterations" after 1987 when Civil Code

17  Sections 51, 52, 54.3, and 55 were enacted and enforceable as a private right of action

18

## EIGHTEENTH AFFIRMATIVE DEFENSE

19     Defendants assert that other persons/entities not presently parties to this action are totally

20  or partially liable for alleged access violations, and these persons/entities may be discovered

21  during discovery.

22

## NINETEENTH AFFIRMATIVE DEFENSE

23     Defendants assert that they are exempt in accordance with the applicable State and

24  Federal Law.

25

## TWENTIETH AFFIRMATIVE DEFENSE

26     Defendants assert that any proposed access changes would pose a direct threat to the

27  safety and health of others.

28

1
                            TWENTY-FIRST AFFIRMATIVE DEFENSE

2        Defendants assert that the Complaint fails to state a viable claim for punitive damages

3 against these answering defendants.

4
                        TWENTY-SECOND AFFIRMATIVE DEFENSE

5        Defendants assert that plaintiff freely and voluntarily assume the risk of injury and

6 damage alleged in this action with full knowledge and appreciation of the magnitude thereof.

7
                        TWENTY-THIRD AFFIRMATIVE DEFENSE

8        As a further, separate and affirmative defense to the Complaint on file herein, and to each

9 alleged cause of action contained therein, these answering defendants allege that plaintiffs'

10 Complaint fails to state facts sufficient to constitute a cause of action which provides for

11 recovery of punitive damages against these answering defendants.

12
                        TWENTY-FOURTH AFFIRMATIVE DEFENSE

13        As a further, separate and affirmative defense to the Complaint on file herein, and to each

14 alleged cause of action contained therein, these answering defendants allege that plaintiffs'

15 request for an award of punitive damages is barred as such request is unconstitutional and

16 violates these answering defendants' rights to due process and equal protection afforded by the

17 Fifth and Fourteenth Amendments to the United States Constitution and Article IV, Section 16 of

18 the California Constitution.

19
                        TWENTY-FIFTH AFFIRMATIVE DEFENSE

20        As a further, separate and affirmative defense to the Complaint on file herein, and to each

21 alleged cause of action contained therein, these answering defendants allege that plaintiffs'

22 request for an award of punitive or exemplary damages is barred and that such an award is

23 unconstitutional and violates the guarantee against excessive fines contained in the Eighth

24 Amendment of the United States Constitution.

25
                        TWENTY-SIXTH AFFIRMATIVE DEFENSE

26        Any and all conduct of which plaintiffs complain and which is attributable to defendants

27 was a just and proper exercise of management discretion on the part of these defendants and

28

Answer to Complaint for Injunctive Relief and Damages

1   undertaken for a fair and honest reason an regulated by good faith under the circumstances then

2   existing.

3                    TWENTY-SEVENTH AFFIRMATIVE DEFENSE

4          The Court lacks subject matter jurisdiction over all claims asserted under the **Americans**

5   with **Disabilities Act**, the Unruh Civil Rights Act, California Civil Code Section 51, et seq., or

6   the Disabled Persons Act, California Civil Code Section 54, et seq., and that plaintiffs have failed

7   to satisfy the jurisdictional prerequisites for commencing a suit under any of these acts.

8                    TWENTY-EIGHTH AFFIRMATIVE DEFENSE

9          Plaintiffs' causes of action for disabilities discrimination, and each of them, are barred by

10  the **Americans** with **Disabilities Act** of 1990, 42 U.S.C. §12101, et seq. (The **ADA**), the

11  Disabled Persons Act, California Civil Code Section 54, et seq., and/or the Unruh Civil Rights

12  Act, California Civil Code Section 51, et seq., in that plaintiffs have failed to comply with the

13  requirements of these acts and failed to exhaust administrative remedies pursuant to these acts.

14                   TWENTY-NINTH AFFIRMATIVE DEFENSE

15         Plaintiffs must take nothing by way of their Complaint because plaintiffs did not suffer an

16  impediment to equal access to defendants' facility.

17                     THIRTIETH AFFIRMATIVE DEFENSE

18         Plaintiffs' recovery is barred by the absence of any architectural barriers in these

19  answering defendants' facility.

20                   THIRTY-FIRST AFFIRMATIVE DEFENSE

21         Plaintiffs' recovery is barred by the inapplicability of the ADAAG to an "existing

22  building" and the applicability of 28 CFR 36.304.

23                  THIRTY-SECOND AFFIRMATIVE DEFENSE

24         Plaintiffs' recovery is barred by the absence of actual knowledge of the alleged

25  architectural barriers precluding full and equal access to defendants' business or whether

26  defendants would comply with **ADA** barrier removal requirements.

27  ////

28

Answer to Complaint for Injunctive Relief and Damages

THIRTY-THIRD AFFIRMATIVE DEFENSE

Any barrier which may have existed did not hinder, interfere with, or impede plaintiffs' full and equal use and enjoyment of the facilities.

THIRTY-FOURTH AFFIRMATIVE DEFENSE

Notwithstanding the previous denials and/or asserted affirmative defenses, plaintiffs are not entitled in any sense to recovery of attorneys fees, costs of suit or prejudgment interest.

WHEREFORE, defendants, JAMES H. MALONE and ELEANOR J. MALONE, as trustees of the MALONE FAMILY TRUST pray for judgment against plaintiffs for:

1.   Denial of all right to injunctive relief, declaratory relief, interest, punitive damages, general damages and/or special damages pursuant to plaintiffs' claims;

2.   Denial of any and all other relief prayed for by the plaintiffs including attorneys fees, litigation expenses, and costs;

3.   A dismissal of these defendants and/or judgment in their favor with costs of suit incurred;

4.   A reasonable attorney's fee, litigation expenses and costs; and

5.   Such other and further relief as the Court may deem just and proper.

DATED:  October 16, 2007

LAW OFFICES OF LINDA A. RYAN


By: s/Linda A. Ryan_____
LINDA A. RYAN, ESQ.
Attorney for Defendants JAMES H. MALONE and
ELEANOR J. MALONE, as trustees of the
MALONE FAMILY TRUST


DEMAND FOR JURY TRIAL

TO ALL PARTIES HEREIN AND TO THEIR ATTORNEYS OF RECORD:

Defendants, JAMES H. MALONE and ELEANOR J. MALONE, as trustees of the MALONE FAMILY TRUST, hereby demand a trial by jury in the above-entitled action pursuant

1  to the provisions of the Seventh Amendment to the United States Constitution and Rule 38 of the

2  Federal Rules of Civil Procedure .

3  DATED:  October 16, 2007

4                                                          LAW OFFICES OF LINDA A. RYAN

5

6  By: s/Linda A. Ryan
   LINDA A. RYAN, ESQ.

7  Attorney for Defendants JAMES H. MALONE and
   ELEANOR J. MALONE, as trustees of the
   MALONE FAMILY TRUST

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**PROOF OF SERVICE**

2

I, Tiffany Avila, declare:

3

I am a citizen of the United States and a resident of the County of Sonoma, State of
California.  I am over the age of eighteen years and not a party to the within above-entitled
action; my business address is 182 Farmers Lanes St. 101, Santa Rosa, CA 95405.  On the date
given I served the following:

4

5

1.  James H. Malone and Eleanor J. Malone, as Trustees of the Malone Family Trust's
Answer to Complaint for Injunctive Relief and Damages

6

7

on all the interested parties in said action as follows:

8

Thomas E. Frankovich, Esq.                          Debra F. Bogaards, Esq.
THOMAS E. FRANKOVICH                         PAVE & BOGAARDS
2806 Van Ness Avenue                                601 Montgomery Street, Ste. 1210
San Francisco, CA 94109                             San Francisco, CA 94111
Telephone: (415) 674-8600                           Telephone: (415) 979-0480
Facsimile:  (415) 674-9900                           Facsimile:   (415) 979-0482
Attorney for Plaintiffs Craig Yates, et al.       Attorney for Defendant Bimbo Bakeries
                                                                  USA, Inc.

9

10

11

12

13

  X  **BY FIRST CLASS MAIL (C.C.P. §§1005;1013a, et seq.):**
        I caused a true copy of said document(s) to be deposited in a U.S. mail box in a sealed
envelope with postage thereon fully prepaid in the City of Santa Rosa, State of California,
after the close of the day's business.

14

15

____**BY FACSIMILE (C.C.P. §§1005(b);1012.5 et seq.):**
        I caused said document(s) to be telecopied to each addressee's facsimile number.

16

17

____**BY FEDERAL EXPRESS NEXT DAY DELIVERY (C.C.P. §§1005(b),1013 (c)(d), et seq.):**
        I caused said document(s) to be deposited with an express service carrier in a sealed envelope
designated by the carrier as an express mail envelope, with fees and postage pre-paid and
reasonably calculated to ensure delivery to the addressee not later than the close of the next
business day.

18

19

20

____**BY HAND DELIVERY/PERSONAL SERVICE (C.C.P. §§1005;1011, et seq.):**
        I caused said document(s) to be personally delivered to each addressee.

21

22

        I declare under penalty of perjury under the laws of the State of California that the foregoing
is true and correct.

23

24

DATED: October 17, 2007                        s/Tiffany Avila_____
                                                               TIFFANY AVILA_____

25

26

27

28